**49D06-1903-CT-012141**

Marion Superior Court, Civil Division 6

Filed: 3/26/2019 12:33 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: |

| | |
|---|---|
| PATRICIA MAY and MARK MAY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| EXTRA SPACE STORAGE, INC. | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiffs, Patricia May and Mark May, by counsel, for their causes of action against the

Defendant, Extra Space Storage, Inc., allege and state as follows:

1.     At all relevant times, Plaintiffs, Patricia May and Mark May, were residents of

Hamilton County, Indiana, where they resided as husband and wife.

2.     At all relevant times, Defendant, Extra Space Storage, Inc., was a corporation with

its principle office located at 2795 East Cottonwood Parkway, Suite 400, Salt Lake City, Salt Lake

County, Utah 84121.

3.     Indiana Trial Rule 75(A)(4) provides that preferred venue lies in the county where

"the principal office of a defendant organization is located." The Indiana Supreme Court has held

that the term "principal office," as used in the rule, "refers to a domestic or foreign corporation's

registered office in Indiana." *Am. Family Ins. v. Ford Motor Co.*, 857 N.E.2d 971, 972 (Ind. 2006).

Under Indiana's corporation law, a corporation's registered office is the address of its registered

agent. *CTB, Inc. v. Tunis*, 95 N.E.3d 185, 189 (Ind. Ct. App. 2018).

4.     Pursuant to Indiana Trial Rule 75(A)(4), preferred venue for this case is in Marion

County, Indiana, because Defendant's, Extra Space Storage, Inc., registered agent is CT

Corporation System, located at 150 West Market Street, Suite 800, Indianapolis, Marion County, Indiana.

5.     At all relevant times, the acts and omissions alleged against the Defendant were performed and omitted by and through their agents, employees, and representatives, and each of them, while acting within the scope and course of their employment.

6.     On April 22, 2018, Plaintiff, Patricia May, drove to Extra Space Storage located at 3750 Bauer Dr W, Indianapolis, Hamilton County, Indiana 46280. This facility was owned and/or operated by Defendant, Extra Space Storage, Inc.

7.     After Patricia opened the entry door to the storage facility to access her storage unit, the door suddenly closed and severed her Achilles tendon in her heel, causing severe and permanent injuries.

8.     The door that severed Patricia's Achilles tendon was equipped with two  safety mechanisms that if functional, would have prevented the door from closing on Patricia's heel. However, both mechanisms were in a state of disrepair and not functioning, allowing the door to close on Patricia and cause the injuries complained of herein.

9.     Defendant, Extra Storage Space, Inc., was careless and negligent in one or more of the following respects:

   a.  Failing to inspect and discover hazardous conditions on the storage facility premises;

   b.  Failing to maintain and keep the door in a safe condition for the use of business invitees such as Plaintiff, Patricia May;

   c.  Failing to maintain and keep the door's safety mechanisms functional and safe for the use of business invitees so the door would not close on users;

   d.  Failing to warn business invitees of dangers on the storage facility premises; and

e.  Failing to prevent a dangerous condition by allowing business invitees to use the door with the defective safety mechanisms.

10.     As a direct and proximate result of the negligence of Defendant, Extra Space Storage, Inc., the Plaintiff, Patricia May, suffered severe and permanent injuries, including a severed Achilles tendon, endured great physical pain and mental suffering, incurred substantial medical expenses, and will continue to incur such losses in the future.

11.     As a direct and proximate result of the negligence of Defendant, Extra Space Storage, Inc., the Plaintiff, Mark May, has suffered the loss of consortium of his spouse, the Plaintiff, Patricia May, and will continue to suffer those injuries and losses in the future.

WHEREFORE, Plaintiffs, Patricia May and Mark May, pray for a judgment against the Defendant, Extra Space Storage, Inc., in an amount which will fully and fairly compensate them for injuries and damages, for costs of this action, for interest as allowed by law, and for all other just and proper relief in the premises.

Respectfully submitted,

WILSON KEHOE WININGHAM LLC

/s/William E. Winingham
William E. Winingham, #1309-49
2859 North Meridian Street
Indianapolis, IN 46208
Tel: (317) 920-6400
Fax: (317) 920-6405
E-Mail: winingham@wkw.com
*Attorney for Plaintiffs*

**49D06-1903-CT-012141**

Marion Superior Court, Civil Division 6

Filed: 3/26/2019 12:33 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: |

PATRICIA MAY and MARK MAY,    )
                             )
              Plaintiffs,     )
                             )
     vs.                      )
                             )
EXTRA SPACE STORAGE, INC.     )
                             )
              Defendant.      )

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

  1.  The party on whose behalf this form is being filed is:
      Initiating  _X__        Responding  ____        Intervening  _____  ; and

      the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

      Name of party:  <u>Patricia May and Mark May</u>

      Address of party  *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

      Address of Party:  <u>10381 Spring Highland Dr., Indianapolis, IN 46290</u>

      Telephone # of party:

*(List on a continuation page additional parties this attorney represents in this case.)*

  2.  Attorney information for service as required by Trial Rule 5(B)(2)

      Name:  <u>William E. Winingham</u>     Atty Number: <u>1309-49</u>

      Address:  <u>WILSON KEHOE WININGHAM, LLC</u>
      <u>2859 N. Meridian St.</u>
      <u>Indianapolis, IN 46208</u>

      Phone:  <u>(317) 920-6400</u>
      FAX:    <u>(317) 920-6405</u>
      Email Address:  <u>winingham@wkw.com</u>

  **IMPORTANT**:  Each attorney specified on this appearance:

  (a)       certifies that the contact information listed for him/her on the Indiana Supreme

Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a ___CT___ case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes _____ No _X___ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes _____ No _X___ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

_____ Attorney's address

_____ The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov).**

_____ Another address (provide)

This case involves a petition for involuntary commitment.  Yes _____ No _X___

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:

_____

b. State of Residence of person subject to petition: _____

c. At least one of the following pieces of identifying information:

(i) Date of Birth _____

(ii) Driver's License Number _____

State where issued _____ Expiration date _____

(iii) State ID number _____

State where issued _____ Expiration date _____

(iv) FBI number _____

(v) Indiana Department of Corrections Number _____

(vi) Social Security Number is available and is being provided in an attached
confidential document Yes _____ No _____

7. There are related cases: Yes _____ No _X_ *(If yes, list on continuation page.)*

8. Additional information required by local rule:

_____

9. There are other party members: Yes _____ No _X_ *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached:

Yes___ No _X_

Respectfully Submitted,

WILSON KEHOE WININGHAM LLC

/s/William E. Winingham
William E. Winingham, #1309-49
2859 North Meridian Street
Indianapolis, IN 46208
Tel: (317) 920-6400
Fax: (317) 920-6405
Email: winingham@wkw.com
*Attorney for Plaintiffs*

**49D06-1903-CT-012141**

Marion Superior Court, Civil Division 6

Filed: 3/26/2019 12:33 PM
Clerk
Marion County, Indiana

STATE OF INDIANA            )       IN THE MARION CIRCUIT/SUPERIOR COURT
                           ) SS:
COUNTY OF MARION           )       CAUSE NO.:

PATRICIA MAY and MARK MAY,            )
                                     )
         Plaintiffs,                 )
                                     )
         vs.                         )
                                     )
EXTRA SPACE STORAGE, INC.            )
                                     )
         Defendant.                  )

## SUMMONS

TO DEFENDANT:       Extra Space Storage, Inc.
                    Attn: Owner/Manager
                    3750 Bauer Dr W
                    Indianapolis, Indiana 46280

         You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.
         The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.
         An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days, commencing on the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.
         If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: _3/26/2019_____                    _Myla A. Eldridge_____
                                                  (Seal)
                                                  Clerk, Marion Circuit/Superior Court

**(The following manner of service of summons is hereby designated)**

_X_      Registered or certified mail
____     Service at place of employment, to-wit: _____
____     Service on individual C (Personal or copy) at above address.
____     Service on agent. (Specify) _____
____     Other service. (Specify) _____

William E. Winingham              **WILSON KEHOE WININGHAM LLC**
Attorney for Plaintiffs           2859 North Meridian Street
                                  Indianapolis, IN 46208
                                  Telephone: (317) 920-6400 / Facsimile: (317) 920-6405

### *SHERIFF'S RETURN ON SERVICE OF SUMMONS*

      I hereby certify that I have served this summons on the _____ day of _____, 20____:

      (1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant, _____
(2) By leaving a copy of the Summons and a copy of the Complaint at _____
which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.
(3) Other Service or Remarks: _____
_____

Sheriff's Costs:_____           Sheriff:_____

                                          By:_____
                                                   Deputy

### *CLERK'S CERTIFICATE OF MAILING*

      I hereby certify that on the _____ day of _____, 20___, I mailed a copy of this Summons and a copy of the Complaint to the Defendant, _____, by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated: _____           _____
                                       Clerk, Marion Circuit/Superior Court

                                       By:_____
                                                   Deputy

### *RETURN ON SERVICE OF SUMMONS BY MAIL*

      I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to Defendant, _____, was accepted by the Defendant on the ___day of_____, 20___.
      I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint was returned not accepted on the _____ day of _____, 20___.
      I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to Defendant _____, was accepted by _____ on behalf of said Defendant on the _____ day of _____, 20___.

                                       _____
                                       Clerk, Marion Circuit/Superior Court

                                       By:_____
                                                   Deputy

**49D06-1903-CT-012141**

Marion Superior Court, Civil Division 6

Filed: 3/26/2019 12:33 PM
Clerk
Marion County, Indiana

STATE OF INDIANA       )     IN THE MARION CIRCUIT/SUPERIOR COURT
                                ) SS:
COUNTY OF MARION      )     CAUSE NO.:

PATRICIA MAY and MARK MAY,      )
                                         )
          Plaintiffs,             )
                                         )
             vs.                    )
                                         )
EXTRA SPACE STORAGE, INC.       )
                                         )
          Defendant.          )

## SUMMONS

TO DEFENDANT:      Extra Space Storage, Inc.
                        c/o CT Corporation System
                        150 West Market Street, Suite 800
                        Indianapolis, IN 46204

       You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

       The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

       An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days, commencing on the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

       If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated:     **3/26/2019**

                                          *Myla A. Eldridge*
                                          (Seal)
                                          Clerk, Marion Circuit/Superior Court

**(The following manner of service of summons is hereby designated)**

   X      Registered or certified mail
          Service at place of employment, to-wit: _____
          Service on individual C (Personal or copy) at above address.
          Service on agent. (Specify) _____
          Other service. (Specify) _____

William E. Winingham                **WILSON KEHOE WININGHAM LLC**
Attorney for Plaintiffs                 2859 North Meridian Street
                                          Indianapolis, IN 46208
                                          Telephone: (317) 920-6400 / Facsimile: (317) 920-6405

### *SHERIFF'S RETURN ON SERVICE OF SUMMONS*

   I hereby certify that I have served this summons on the _____ day of _____,
20_____:

   (1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant, _____
(2) By leaving a copy of the Summons and a copy of the Complaint at _____
which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.
(3) Other Service or Remarks: _____
_____

Sheriff's Costs:_____      Sheriff:_____

             By:_____
                  Deputy

### *CLERK'S CERTIFICATE OF MAILING*

   I hereby certify that on the _____ day of _____, 20___, I mailed a copy of this Summons and
a copy of the Complaint to the Defendant, _____, by certified mail, requesting a
return receipt, at the address furnished by the Plaintiff.

Dated: _____     _____
              Clerk, Marion Circuit/Superior Court

             By:_____
                  Deputy

### *RETURN ON SERVICE OF SUMMONS BY MAIL*

   I hereby certify that the attached return receipt was received by me showing that the Summons and a
copy of the Complaint mailed to Defendant, _____, was accepted by the Defendant
on the ___day of_____, 20__.
   I hereby certify that the attached return receipt was received by me showing that the Summons and a
copy of the Complaint was returned not accepted on the _____ day of _____, 20___.
   I hereby certify that the attached return receipt was received by me showing that the Summons and a
copy of the Complaint mailed to Defendant _____, was accepted by
_____ on behalf of said Defendant on the _____ day of _____, 20__.

             _____
              Clerk, Marion Circuit/Superior Court

             By:_____
                  Deputy

**49D06-1903-CT-012141**

Marion Superior Court, Civil Division 6

Filed: 3/26/2019 12:33 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: |

PATRICIA MAY and MARK MAY,    )
            )
    Plaintiffs,         )
            )
    vs.           )
            )
EXTRA SPACE STORAGE, INC.     )
            )
    Defendant.       )

## Reviewed
March 27, 2019

## REQUEST FOR TRIAL BY JURY

Come now the plaintiffs, by counsel, and respectfully request that this matter be tried by a jury.

Respectfully submitted,

WILSON KEHOE WININGHAM LLC

*/s/ William E. Winingham*
William E. Winingham, #1309-49
Wilson Kehoe Winingham LLC
2859 North Meridian Street
Indianapolis, IN 46208
TEL:  (317) 920-6400
FAX:  (317) 920-6405
E-Mail:  winingham@wkw.com
*Attorney for Plaintiffs*

Filed: 3/28/2019 10:23 AM
Clerk
Marion County, Indiana

STATE OF INDIANA          )     IN THE MARION CIRCUIT/SUPERIOR COURT
                          ) SS:
COUNTY OF MARION          )     CAUSE NO.: 49D06-1903-CT-012141

PATRICIA MAY and MARK MAY,        )
                                  )
      Plaintiffs,                 )
                                  )
      vs.                         )
                                  )
EXTRA SPACE STORAGE, INC.         )
                                  )
      Defendant.                  )

## CERTIFICATE OF ISSUANCE OF SUMMONS

     I hereby certify that on the 27th day of March, 2019, I mailed a copy of the Summons and

a copy of the Complaint for Damages to the Defendant Extra Space Storage, Inc., c/o CT

Corporation System, 150 W. Market St., Suite 800, Indianapolis, IN 46204, by certified mail,

tracking number 7018 0680 0000 4249 1475, requesting a return receipt to the Marion County

Clerk's Office. Attached as Exhibit "A" is a copy of the Certified Mail Receipt.

Dated: March 27, 2019.

                  Respectfully submitted,

                  WILSON KEHOE WININGHAM LLC

                  */s/ William E. Winingham*
                  William E. Winingham, #1309-49
                  Wilson Kehoe Winingham LLC
                  2859 North Meridian Street
                  Indianapolis, IN 46208
                  TEL: (317) 920-6400
                  FAX: (317) 920-6405
                  E-Mail: winingham@wkw.com
                  *Attorney for Plaintiffs*



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee    $ 6.80

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Extra Space Storage, Inc.
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

CB 18-083

PLIS, IN. 4

APR 27 2018

See Reverse for Instructions

7018 0680 0000 4249 1475

Filed: 3/28/2019 10:23 AM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: 49D06-1903-CT-012141 |

PATRICIA MAY and MARK MAY,     )
                                    )
        Plaintiffs,            )
                                    )
            vs.                 )
                                    )
EXTRA SPACE STORAGE, INC.      )
                                    )
        Defendant.         )

## CERTIFICATE OF ISSUANCE OF SUMMONS

I hereby certify that on the 27th day of March, 2019, I mailed a copy of the Summons and

a copy of the Complaint for Damages to the Defendant Extra Space Storage, Inc., Attn:

Owner/Manager, 3750 Bauer Dr W, Indianapolis, IN 46280, by certified mail, tracking number

7018 0680 0000 4249 1468, requesting a return receipt to the Marion County Clerk's Office.

Attached as Exhibit "A" is a copy of the Certified Mail Receipt.

Dated: March 27, 2019.


                Respectfully submitted,

                WILSON KEHOE WININGHAM LLC

                */s/ William E. Winingham*
                William E. Winingham, #1309-49
                Wilson Kehoe Winingham LLC
                2859 North Meridian Street
                Indianapolis, IN 46208
                TEL: (317) 920-6400
                FAX: (317) 920-6405
                E-Mail: winingham@wkw.com
                *Attorney for Plaintiffs*



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee  $ 6.80

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage  $

Total Postage and Fees  $

Postmark
Here

Extra Space Storage, Ind.
Attn: Owner/Manager
3750 Bauer Dr W
Indianapolis, Indiana 46280

CB 19-083

See Reverse for Instructions

# SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Extra Space Storage, Inc.
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

9590 9402 4197 8121 5544 72

2. Article Number (Transfer from service label)

7018 0680 0000 4249 1475

PS Form 3811, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 4197 8121 5544 72

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Marion County Superior Court
Attn: Clerk's Office
200 E. Washington St., Suite W122
Indianapolis, IN 46204

49D06-1903-CT-012141

# SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Exit Space Storage, Inc.
Attn: Owner/Manager
3750 Bauer Dr W
Indianapolis, Indiana 46280

9590 9402 4347 8190 0768 61

2. Article Number (Transfer from service label)

7018 0680 0000 4249 1468

# COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _(signature)_
☑ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

_D Wheeler_    _08/29/17_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #



9590 9402 4347 8190 0768 61

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Marion County Superior Court
Attn: Clerk's Office
200 E. Washington St., Suite W122
Indianapolis, IN 46204

49D06-1903-CT-012191

Filed: 4/15/2019 9:45 AM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **IN THE MARION SUPERIOR COURT** |
| | ) SS: | |
| **COUNTY OF MARION** | ) | **CAUSE NO. 49D06-1903-CT-012141** |

| | | |
|---|---|---|
| **PATRICIA MAY, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **HON.  KURT EISGRUBER** |
| | ) | |
| | ) | **Presiding Judge** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **EXTRA SPACE STORAGE, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER OF DEFENDANT,
## EXTRA SPACE MANAGEMENT, INC.

Comes Defendant, Extra Space Management, Inc., ("ESMI") (improperly named/identified in the Complaint as Extra Space Storage, Inc.), by counsel, and, for its Answer to the Complaint herein of Plaintiffs, Patricia May, and Mark May ("Plaintiffs"), states as follows:

### First Defense

1.      With regard to the matters set forth in Paragraph 1 of Plaintiffs' Complaint, ESMI denies all allegations contained therein for the reason that, at present, it lacks knowledge or information sufficient to form a belief as to the truth thereof.

2.      With regard to the matters set forth in Paragraph 2 of Plaintiffs' Complaint, ESMI admits only those allegations regarding the principal place of business of Extra Space Storage Inc. but denies the same as having any relevance whatsoever to the above-captioned suit.  (For the record, ESMI states that it is a Utah corporation with its principal place of business/nerve center being located at 2795 E. Cottonwood Parkway, #400, Salt Lake City, UT 84121.)

3.      With regard to the matters set forth in Paragraphs 3 and 4 of Plaintiffs' Complaint, the allegations contained therein constitute legal conclusions that do not require ESMI to respond. If it were ever required to respond thereto, ESMI would deny all allegations contained in said Paragraphs.

4.      With regard to the matters set forth in Paragraph 5 of Plaintiffs' Complaint, ESMI denies all allegations contained therein.

5.      With regard to the matters set forth in Paragraph 6 of Plaintiffs' Complaint, ESMI admits only that the property at issue herein is managed by ESMI but denies all remaining allegations contained therein for the reason that, at present, it lacks knowledge or information sufficient to form a belief as to the truth thereof.

6.      With regard to the matters set forth in Paragraph 7 of Plaintiffs' Complaint, ESMI denies all allegations contained therein for the reason that, at present, it lacks knowledge or information sufficient to form a belief as to the truth thereof.

7.      With regard to the matters set forth in Paragraph 8 of Plaintiffs' Complaint, ESMI admits only there are in fact doors at the facility at issue herein that have certain features and mechanisms but denies all remaining allegations contained therein.

8.      With regard to the matters set forth in Paragraphs 9 (including all subparagraphs thereof), ), ESMI admits only there are in fact doors and "conditions" at the facility at issue herein that have certain features and mechanism but denies all remaining allegations contained therein.

9.      With regard to the matters set forth in Paragraphs 10 and 11 of Plaintiffs' Complaint, ESMI denies all allegations contained therein.

10.     Any and all allegations not specifically admitted to above by ESMI are hereby expressly denied.

2

## Second Defense

Plaintiffs' Complaint fails, in whole or in part, to state a claim against ESMI upon which relief can be granted.

## Third Defense

Plaintiffs' Complaint is defective and subject to dismissal given Plaintiffs' failure to name/join/include correct and/or indispensable parties therein.

## Fourth Defense

Plaintiffs voluntarily, primarily, expressly and/or impliedly assumed/incurred the risk of any and all of the conduct, losses, and damages alleged in their Complaint, thereby barring or diminishing Plaintiffs' recovery herein.

## Fifth Defense

The losses and damages alleged by Plaintiffs herein, if any occurred, were sustained as a direct and proximate result of unforeseeable, superseding and/or intervening causes for which ESMI is neither responsible nor liable.

## Sixth Defense

Any hazard encountered by Plaintiffs was open and obvious, and, therefore, there was no duty on the part of ESMI or any other person or entity to warn about or correct the same.

## Seventh Defense

The incident alleged in Plaintiffs' Complaint, if any occurred, can occur in the absence of negligence, meaning Plaintiffs have no viable claim herein against ESMI.

## Eighth Defense

ESMI was not a substantial factor nor compensable cause of the damages alleged in Plaintiffs' Complaint, if any.

3

## Ninth Defense

Plaintiffs' claim for damages, if any occurred, is barred as against ESMI or should at the least be reduced to the extent they were contributorily/comparatively at fault in causing their own alleged injuries.  Also, ESMI's liability herein, if any, should at the very least be reduced to the extent other parties (including but not limited to Plaintiffs) and/or nonparties were contributorily/comparatively at fault in causing Plaintiffs' alleged injuries.

## Tenth Defense

Other parties (including but not limited to Plaintiffs) and/or nonparties have been negligent or are legally responsible or otherwise at fault for the damages alleged in Plaintiffs' Complaint, if any, and also were a substantial factor or compensable cause of said alleged damages, if any. Accordingly, ESMI maintains it cannot be held liable herein, or, at the very least, there must be an apportionment of fault made by the Court or jury as against all liable parties (including but not limited to Plaintiffs) and/or nonparties.  ESMI further requests judgment in its favor or, in the alternative, a declaration of indemnification or contribution against each and every party and/or nonparty in accordance with fault apportioned thereto.

## Eleventh Defense

ESMI is entitled to a reduction of any verdict in this matter in the form of a dollar-for-dollar credit for payments made to Plaintiffs by other parties and/or nonparties and/or through percentage reductions that result from the Court's or jury's allocation of fault to other parties and/or nonparties.

## Twelfth Defense

Plaintiffs have failed to mitigate their damages, which failure should bar, in whole or in part, any relief requested by them herein.

4

### Thirteenth Defense

The damages alleged in Plaintiffs' Complaint, if any occurred, are the result, in whole or in part, of a preexisting condition (or conditions) and/or disability (or disabilities) and thus cannot serve as the source of any liability on the part of ESMI herein.

### Fourteenth Defense

The claims in Plaintiffs' Complaint are barred, in whole or in part, by comparative and/or contributory negligence/fault, assumption of the risk, open-and-obvious hazard, apportionment of fault, applicable statute(s) of limitations, estoppel, waiver, laches, unclean hands, avoidable consequences, and setoff/offset/credit. As its investigation and discovery of the allegations in Plaintiffs' Complaint proceed, ESMI reserves the right to additionally plead the balance of affirmative defenses contained in TR 8(C), as well as any and all other matter constituting an affirmative defense.

### Fifteenth Defense

Plaintiffs have failed to plead special damages in their Complaint, if any occurred, with the degree of specificity required by TR 9(G), and, accordingly, any claim for such damages is barred.

### Sixteenth Defense

ESMI reserves all defenses related to personal jurisdiction, insufficiency of process, service of process, and venue.

### Seventeenth Defense

ESMI expressly reserves the right to amend its Answer at any time to assert herein additional affirmative defenses, counterclaims, cross-claims, and third-party claims, as well as the right to amend and/or supplement its Answer for any other reason upon completion of appropriate

5

investigation and pretrial discovery conducted in connection with the allegations and claims set forth in Plaintiffs' Complaint.

**WHEREFORE,** Defendant, Extra Space Management, Inc., respectfully demands as follows:

1.      That all claims in Plaintiffs' Complaint directed at ESMI be dismissed, with prejudice to refiling, and that Plaintiffs take nothing thereby;

2.      That ESMI be awarded all costs and expenses incurred in defending this action, including but not limited to attorney's fees, when appropriate;

3.      That there be a trial by jury on all issues so triable;

4.      That, if this matter proceeds to trial by jury, there be an apportionment of fault as between Plaintiffs, ESMI, and any and all other liable parties and nonparties; and

5.      That ESMI be accorded any and all other relief in law or equity to which it is now or may hereafter be deemed entitled.


                                        Respectfully submitted,

                                        **WILSON ELSER MOSKOWITZ
                                        EDELMAN & DICKER LLP**

                                        */s/ Eric M. Jensen*
                                        Eric M. Jensen (IN Atty. #18718-22)
                                        100 Mallard Creek Road, Suite 250
                                        Louisville, KY  40207
                                        502.238.8500
                                        502.238.7995 – Fax
                                        *Counsel for Defendant,*
                                        *  Extra Space Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15ᵗʰ day of April, 2019, I electronically filed the foregoing Answer with the Marion Superior Circuit Court Clerk, and that, on the same date, I separately served a true and accurate copy of said Answer via regular U.S. mail, postage prepaid, upon the following individual at the listed address:

William E. Willingham
WILSON KEHOE WINNINGHAM LLC
2859 North Meridian Street
Indianapolis, IN 46208
*Counsel for Plaintiffs*

> /s/ Eric M. Jensen
> *Counsel for Defendant,*
>    *Extra Space Management, Inc.*

7

Filed: 4/15/2019 10:52 AM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **IN THE MARION SUPERIOR COURT** |
| | ) SS: | |
| **COUNTY OF MARION** | ) | **CAUSE NO. 49D06-1903-CT-012141** |

| | | |
|---|---|---|
| **PATRICIA MAY, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **HON.  KURT EISGRUBER** |
| | ) | |
| | ) | **Presiding Judge** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **EXTRA SPACE STORAGE, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.  The party on whose behalf this form is being filed is:
    Initiating _____        Responding  **X**        Intervening _____ ; and

    the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

    Name of party  **Correct Party Name – EXTRA SPACE MANAGEMENT, INC.**

    Address of party *(see Question # 6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*
     N/A

    Telephone # of party _____ N/A_____

    FAX: _____N/A_____

    Email Address:_____N/A_____

*(List on a continuation page additional parties this attorney represents in this case.)*

9744729v.1

2.  Attorney information for service as required by Trial Rule 5(B)(2)

Name: **ERIC M. JENSEN**_____ Atty Number: **18718-22**

Address: __**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**__
**100 Mallard Creek Road, Suite 250**_____
**Louisville, KY  40207**_____

Phone: ____**(502) 238-8500**
FAX: _____**(502) 238-7995**_
Email Address: __**eric.jensen@wilsonelser.com**

*(List on continuation page additional attorneys appearing for above party)*

3.  This is a __**CT**__ case type as defined in administrative Rule 8(B)(3).

4.  I will accept service from other parties by:

FAX at the above noted number: Yes _____ No __**X**__

Email at the above noted number: Yes __**X**__ No _____

5.  This case involves child support issues. Yes _____ No __**X**__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

6.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes _____ No __**X**__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

__N/A__   Attorney's address

__N/A__   The Attorney General Confidentiality program address
(Contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).

__N/A__   Another address (provide)

7.  This case involves a petition for involuntary commitment. Yes _____ No __**X**__

2

9744729v.1

8. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:_____N/A_____

b. State of Residence of person subject to petition: ___N/A____

c. At least one of the following pieces of identifying information:
    (i) Date of Birth ___N/A____
    (ii) Driver's License Number__N/A_____
       State where issued ___N/A____ Expiration date ___N/A___
    (iii) State ID number ___N/A____
       State where issued ___N/A____ Expiration date ___N/A___
    (iv) FBI number_____N/A_____
    (v) Indiana Department of Corrections Number _____N/A_____
    (vi) Social Security Number is available and is being provided in an attached confidential document Yes ____ No _X_

9. There are related cases: Yes ____ No _**X**_ *(If yes, list on continuation page.)*

10. Additional information required by local rule:_____N/A_____

11. There are other party members: Yes ____ No _**X**_ *(If yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached: Yes_**X**_ No____

Respectfully submitted,

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**

*/s/ Eric M. Jensen*
Eric M. Jensen (IN Atty. #18718-22)
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
P: 502.238.8500
F: 502.238.7995
*Counsel for Defendant,*
*Extra Space Management, Inc.*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2019, I electronically filed the foregoing Appearance with the Marion Superior Circuit Court Clerk and also served on this same date a true and accurate copy of said Appearance via regular U.S. mail, postage prepaid, upon the following individual at the listed address:

William E. Willingham
WILSON KEHOE WINNINGHAM LLC
2859 North Meridian Street
Indianapolis, IN 46208
*Counsel for Plaintiffs*

/s/ *Eric M. Jensen*
*Counsel for Defendant,*
  *Extra Space Management, Inc.*

4